IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

DELTA DEFENSE, LLC,

    Plaintiff,

v.

DELTADEFENSECAREERS.COM,

    Defendant.

Case No. 1:23-cv-01752-CMH-IDD

## DELTA DEFENSE, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff Delta Defense, LLC ("Delta Defense"), by counsel, respectfully submits this memorandum of law in support of its application for a preliminary injunction ordering the transfer of a <deltadefensecareers.com> domain name to Delta Defense's control.

### PRELIMINARY STATEMENT

Delta Defense brought this *in rem* action pursuant to the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), against the domain name <deltadefensecareers.com>. The <deltadefensecareers.com> domain name has been used as part of a fraudulent email phishing scheme by a malicious actor who impersonates Delta Defense employees, extends fake job offers on behalf of Delta Defense, and tries to lure prospective employees into submitting their personal information to the malicious actor, likely in an attempt to commit financial crimes.

Registration and use of the <deltadefensecareers.com> domain name – wholly unaffiliated with Delta Defense - expropriates the entirety of Delta Defense's distinctive DELTA DEFENSE® trademark.

1

An unknown registrant, whose identity is masked by a privacy service, registered the <deltadefensecareers.com> domain name. Delta Defense has been unable to contact the registrant directly, and attempts to contact the registrant through the privacy service have been unavailing.

The registrant and/or their affiliates have sent emails from <deltadefensecareers.com> purporting to be actual Delta Defense employees, such as Heidi Ciha, Aprille Majkowski and Calvin de Leon, and sent these "phishing" emails to third parties, likely in an attempt to obtain sensitive information or funds.

A web site at the <deltadefensecareers.com> domain name currently displays paid-per-click advertisements for job seekers in an improper attempt to profit off of the goodwill and reputation that Delta Defense has established in the employment market by advertising employment services using a confusingly similar domain name.

The bad faith registration and abuse of <deltadefensecareers.com> is causing irreparable harm to the goodwill and reputation of Delta Defense and putting innocent individuals at risk of serious financial loss. Accordingly, Delta Defense seeks an order compelling the operator of the .COM registry, Verisign Global Registry Services ("Verisign"), which resides in this judicial district, to change the registrar of the <deltadefensecareers.com> domain name to the domain name registrar that Delta Defense presently uses for its other domain names - Cloudflare, Inc. - and further order Cloudflare, Inc. to re-register the <deltadefensecareers.com> domain in Delta Defense's name. Only immediate injunctive relief by this Court can prevent the harm to both Delta Defense and unsuspecting victims, and put an end to the registrants' egregious misconduct.

## FACTUAL BACKGROUND

### I. The Distinctive DELTA DEFENSE Brand

Delta Defense is a leader in the business of sales and marketing of self-defense education, firearms training and self-defense liability insurance to potential members of the USCCA, a leading and well-known association of like-minded individuals whose members get self-defense education, training and self-defense liability insurance as benefits of membership. Declaration of Jacob Schmidt in Support of Plaintiff's Motion for Preliminary Injunction (Dec. 15, 2023) ("Schmidt Decl.") ¶ 2.

Delta Defense is the sole and exclusive owner of registered trademarks in the United States for [USCCA logo] (U.S. Reg. Nos. 4,776,248 and 6,130,426 , [DELTA DEFENSE LLC logo] (U.S. Reg. No. 6,091,029) and DELTA DEFENSE® (U.S. Reg. No. 6,323,763).. Schmidt Decl. ¶ 3 & Compl., Exhibits N-Q.

The principal domain name registered by Delta Defense, and where Delta Defense maintains an online presence is <deltadefense.com>. Schmidt Decl. ¶ 4. That domain name was registered on July 27, 2005. Id.

Recruiting employees is very important for Delta Defense. Delta Defense maintains a "CAREERS" sub-page at its principal domain name <https://www.deltadefense.com/careers> where Delta Defense posts current job openings. Schmidt Decl. ¶ 5. To recruit employees, Delta Defense also maintains an active LinkedIn page <https://www.linkedin.com/company/delta-defense-llc> where it posts information about the company, and also posts job openings at <https://www.linkedin.com/company/delta-defense-llc/jobs>, at indeed.com <https://www.indeed.com/cmp/Delta-Defense-1> and elsewhere online. Id. at ¶ 6.

3

Delta Defense prides itself on awards it has received for having an excellent workplace environment.  For instance, Delta Defense has been recognized as a "Most Loved Workplace" which is featured at <https://mostlovedworkplace.com/companies/delta-defense-llc>.  Id. at ¶ 7.

Delta Defense has also been named a Top 100 Most Loved Workplace by Newsweek and the Best Practice Institute (BPI).  Id. at ¶ 8.  Delta Defense is only self-defense organization to make Newsweek's list, and Delta Defense was recognized by its more than 600 employees for its unwavering commitment to fostering a positive and employee-focused culture.  Id.

Delta Defense has been named a 2023 Inc. 5000 honoree, recognizing Delta Defense as one of the fastest growing private companies in America. Id. at ¶ 9.

Any damage to Delta Defense's reputation as an excellent employer would significantly harm Delta Defense.  Quality employees are at a premium, vital to Delta Defense's business, and anything that would negatively impact Delta Defense's reputation significantly harms Delta Defense.  Id. at ¶ 10.

**II.     The Domain Name Contains Delta Defense's Distinctive Trademark and Is Being Used to Send Phishing Emails and Host a Pay-Per-Click Website**

Registration and use of the <deltadefensecareers.com> domain name represents a blatant attempt to siphon the goodwill and extensive consumer recognition of the DELTA DEFENSE® brand for commercial gain. The domain name uses the entirety of the DELTA DEFENSE® mark and all of the phishing activity using this domain name indicates the intent to profit off of Delta Defense's goodwill. The registrant and/or its affiliates have sent dozens, if not more, emails from the <deltadefensecareers.com> domain name purporting to be Delta Defense employees.  Schmidt Decl. ¶ 11 & Compl., Exhibits A-F.  These apparent phishing emails impersonate actual Delta Defense employees, and appear to be part of a scheme designed to entrap unsuspecting victims

into sending sensitive information to the individuals who control the <deltadefensecareers.com> domain name. *Id*.

The <deltadefensecareers.com> domain name is being used solely as an illegitimate, bad faith cybersquatting domain. The domain displays a website containing only pay-per-click advertisements for employment services. Id. at ¶ 12 & Compl., <u>Exhibit G</u>. These actions clearly indicate that the registrant's purpose in registering the offending domain was not to offer any legitimate employment, but solely to trade off of Delta Defense's longstanding reputation as a good employer that Delta Defense has cultivated in the United States, in order to phish.

## ARGUMENT

Under the ACPA, Delta Defense is entitled to a preliminary injunction upon a showing that (1) Delta Defense is likely to succeed on the merits; (2) Delta Defense is likely to suffer irreparable injury or harm in the absence of an injunction; (3) the balance of equities tips in Delta Defense's favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The evidence before the Court establishes that all four of these factors tip decisively in Delta Defense's favor, and the motion for a preliminary injunction should accordingly be granted.

I. **Delta Defense Is Likely to Succeed on the Merits of Its ACPA Claims.**

Delta Defense is likely to succeed on the merits of its claim under the ACPA because the domain name in question is confusingly similar to Delta Defense's federally registered trademark DELTA DEFENSE®; the domain name is being used in bad faith; and this Court is unable to obtain personal jurisdiction over the registrant of the domain name. 15 U.S.C. § 1125(d)(1).

A.      Delta Defense's Trademarks Are Distinctive and Protectable.

DELTA DEFENSE®, [logo], and [logo] are all registered on the Principal Register of the United States Patent and Trademark Office (Schmidt Decl. ¶ 3 & Compl., Exhibits N-Q), which is presumptive evidence of their distinctiveness. *See* 15 U.S.C. § 1115(a). Accordingly, Delta Defense has protectable trademark rights in its asserted trademarks.

B.      Consumers Are Likely to Confuse <deltadefensecareers.com> with Delta Defense's Authentic Domain, or Believe <deltadefensecareers.com> is Sponsored By or Associated with Delta Defense Because the Domain is Being Used in Bad Faith

The <deltadefensecareers.com> domain name is confusingly similar to Delta Defense's trademarks because <deltadefensecareers.com> incorporates the entirety of the distinctive DELTA DEFENSE® mark along with the "Delta Defense" textual component of U.S. Reg. No. 6,091,029. 15 U.S.C. § 1125(d)(1)(A)(ii)(I). The confusing similarity standard for trademarks under the ACPA is satisfied when a domain is "virtually identical" to the plaintiff's trademark. *Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 663 (E.D. Va. 2006). It is plainly apparent that <deltadefensecareers.com> is virtually identical to the DELTA DEFENSE® mark along with the "Delta Defense" textual component of U.S. Reg. No. 6,091,029, as <deltadefensecareers.com> incorporates "Delta Defense" in its entirety.

The use of <deltadefensecareers.com> to send malicious phishing emails and to host a landing page filled only with ads for employment services are neither bona fide offerings of any good or service, nor any form of noncommercial or fair use that are recognized by the ACPA.

In order to determine whether the registrant of <deltadefensecareers.com> acted in bad faith, this Court may consider a number of factors – all of which tip in Delta Defense's favor – including (1) the defendant's intellectual property rights in the domain name; (2) the extent to which the name consists of the defendant's legal name; (3) a defendant's prior use of the domain

6

with a bona fide offering of goods and services; (4) a defendant's bona fide noncommercial or fair use of the mark in a site accessible under the domain name; (5) the defendant's intent to divert customers from the mark owner's online location to a site accessible under the domain that could harm the goodwill represented by the mark, for either commercial gain or with intent to tarnish; (6) the defendant's provision of misleading or false contact information when applying for registration of the domain name; and (7) the defendant's registration or acquisition of multiple domain names which the defendant knows are identical or confusingly similar to the marks of others.  *See* 15 U.S.C. § 1125(d)(1)(B)(i)(I)-(VIII); *Agri-Supply Co.*, 457 F. Supp. 2d at 663.

First, the registrant has no intellectual property rights whatsoever in the <deltadefensecareers.com> domain name.  This domain name contains the entirety of Delta Defense's DELTA DEFENSE® mark, and there are no other distinguishing factors present. 15 U.S.C. § 1125(d)(1)(B)(i)(I). The addition of "careers" to the Delta Defense base trademark only makes the domain name more confusingly similar to Delta Defense's authentic marks as Delta Defense already operates a page at <https://www.deltadefense.com/careers> where Delta Defense posts current job openings.

Second, there is no basis to believe the domain name uses the legal name of the registrant. Recognizing that the registrant's identity remains unknown, the use of the domain name to impersonate Delta Defense employees and host pay-per-click advertising sites is powerful evidence that the domain name is being used to impersonate Delta Defense, not identify the registrant.

Under the third and fourth factors, for similar reasons, the registrant's use of <deltadefensecareers.com> is not a bona fide offering of goods or services, nor a noncommercial or fair use of Delta Defense's trademarks on the websites. 15 U.S.C. § 1125(d)(1)(B)(i)(III-IV).

The <deltadefensecareers.com> domain offers no goods or services of the registrant whatsoever; the <deltadefensecareers.com> domain name displays solely advertisements, which is not a bona fide offering of goods or services. *Prudential Ins. Co. of Am. v. PRU.COM*, 546 F. Supp. 3d 476, 486 (E.D. Va. 2021)("Pay-per-click advertising on [the] PRU.COM domain name is hardly a *bona fide* commercial offering of goods or services….")

Fifth, the use of <deltadefensecareers.com> to impersonate Delta Defense employees is the most malicious form of confusion. 15 U.S.C. § 1125(d)(1)(B)(i)(V).

Sixth, the registrant has not supplied any legitimate contact information when registering the domain. The registrant's information is masked by a privacy service (PrivacyGuardian, LLC, Compl. Exh. H), and all attempts to contact the registrant through the privacy service have been unsuccessful. 15 U.S.C. § 1125(d)(1)(B)(i)(VII).

Seventh, <deltadefensecareers.com> expropriates the entirety of the DELTA DEFENSE® mark along with the "Delta Defense" textual component of U.S. Reg. No. 6,091,029, both of which were distinctive at the time of registration. Despite this being only one domain name (not "multiple domain names" as used in 15 U.S.C. § 1125(d)(1)(B)(i)(VIII)), the registrant's simultaneous use of Delta Defense's ⌬DELTA DEFENSE LLC trademark (U.S. Reg. No. 6,091,029) in its fake job offers (Compl. Exh. F) proves an unmistakable knowledge of Delta Defense's marks. 15 U.S.C. § 1125(d)(1)(B)(i)(VIII).

In sum, every single factor this Court might consider under the ACPA overwhelmingly favors Delta Defense. Delta Defense is accordingly likely to succeed on the merits of its claims and a preliminary injunction is appropriate.

### II. Delta Defense Will Be Irreparably Harmed by the Continued Use of the <deltadefensecareers.com> Domain Name

Delta Defense will be irreparably harmed by denial of immediate injunctive relief because no other mechanism exists to immediately stop the operator of <deltadefensecareers.com> from continuing to impersonate Delta Defense and its employees.

The registrant's use of this domain threatens to significantly harm the reputation and goodwill that Delta Defense has arduously built up in its brand, and its reputation as a good employer. Not only will job seekers be confused and potentially upset with Delta Defense, those same job seekers may also suffer financial loss if they assume communications from <deltadefensecareers.com> email addresses actually came from legitimate Delta Defense employees. As long as <deltadefensecareers.com> remains in the hands of anyone other than Delta Defense, there is a certainty that <deltadefensecareers.com> will be used for improper purposes.

### III. The Balance of Hardships Tips Squarely in Delta Defense's Favor

In contrast to this significant harm that Delta Defense suffers and will continue to suffer and that the unsuspecting victims are likely to suffer, the hardship to the registrant will be nonexistent. The domain name is not being used for any legitimate purpose, but instead as part of a phishing and pay-per-click scheme. Accordingly, the balance of the hardships strongly favors transferring the domain name to Delta Defense.

### IV. An Injunction is in the Public Interest

Every day that <deltadefensecareers.com> remains under the control of the registrant threatens irreparable harm to Delta Defense's goodwill and reputation, as well as harm to unsuspecting members of the public.

If injunctive relief is denied, third-parties will undoubtedly continue to be exposed to additional fraudulent attempts to obtain their sensitive information and funds by the registrant

masquerading as a legitimate Delta Defense employee. The public has a significant interest in avoiding being scammed.

## CONCLUSION

Delta Defense respectfully requests that this Court enter an order directing the operator of the .COM registry, Verisign Global Registry Services, which is located in this judicial district, to change the registrar of the <deltadefensecareers.com> to the domain name registrar that Delta Defense presently uses for its other domain names - Cloudflare, Inc. - and further order Cloudflare, Inc. to re-register the <deltadefensecareers.com> domain name in Delta Defense's name.

Respectfully submitted:　　　　　　　　The Law Office of Craig C. Reilly, Esq.

Date:  December 27, 2023

　　　　　　　　　　　　　　　　　　By:   /s/ Craig C. Reilly
　　　　　　　　　　　　　　　　　　Craig C. Reilly (VSB # 20942)
　　　　　　　　　　　　　　　　　　209 Madison Street, Suite 501
　　　　　　　　　　　　　　　　　　Alexandria, Virginia 22314
　　　　　　　　　　　　　　　　　　T: 703-549-5354
　　　　　　　　　　　　　　　　　　F: 703-549-5355
　　　　　　　　　　　　　　　　　　E: craig.reilly@ccreillylaw.com

　　　　　　　　　　　　　　　　　　Daniel R. Johnson   (*Pro Hac Vice* Pending)
　　　　　　　　　　　　　　　　　　RYAN KROMHOLZ & MANION, S.C.
　　　　　　　　　　　　　　　　　　P. O. Box 26618
　　　　　　　　　　　　　　　　　　Milwaukee, Wisconsin 53226-0618

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Delta Defense, LLC*